TIMOTHY COURCHAINE
United States Attorney
District of Arizona

GLENN B. McCORMICK
Arizona State Bar No. 013328
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: glenn.mccormick@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Michael David Hanson,<br><br>　　　　　　Defendant. | CR-24-00312-PHX-SPL<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

The defendant entered a plea agreement on 18, 2024, admitting to Count One of the seventeen count indictment, Threats Against the President and Successors to the Presidency, in violation of Title 18, United States Code, Section 871(a). The defendant admitted to the following factual basis:

> On December 22, 2023, I, Michael David Hanson, while using my cellular telephone in the District to Arizona, accessed one of my X accounts, @popyourcherry24, and knowingly posted "#joeAndKamala I'm asking you to resign on Monday your alternative is death brutally murdered…" By addressing my threat to "joeAndKamala," I was referring to President of the United States Joseph Biden and Vice President of the United States Kamala Harris. My words were intended to communicate their plain meaning, that is, a threat asking via X that the President of the United States and Vice President of the United States resign by Monday, or they would be brutally

murdered. I transmitted the threat with intent to communicate a threat of violence.

The Presentence Investigation Report (PSR) recounts the evidence of the many other threats charged in the indictment, which establish the defendant's pattern of threatening comments on social media. The PSR also outlines the defendant's criminal history, much of which appears to involve the same mental health issues evident in the present case.

The United States requests the Court to follow the Plea Agreement stipulations pursuant to Fed. R. Crim. P. 11(c)(1)(C) and impose a sentence as follows:

1. Stipulation: The sentence imposed shall not exceed the low end of the sentencing range as calculated under U.S.S.G. § 1B1.1(a). This stipulated sentencing cap will not change based on departures considered under U.S.S.G. § 1B1.1(b). Nothing in this agreement shall preclude defendant from moving for a downward departure, variance, or sentence below the cap, or the court from imposing a sentence below the cap.

2. Stipulation: From the date of sentencing or completion of any term of imprisonment imposed, whichever is later, as part of the sentence the defendant shall be placed on Supervised Release for a period of three years.

3. Stipulation: As a condition of Supervised Release, unless prior authorization is received from the supervising United States Probation Officer, the defendant shall not knowingly have any contact, direct or indirect, with any persons holding elected office at the federal, State, or local level, or any member of any elected official's staff.

4. Stipulation: As a condition of Supervised Release, unless prior authorization is received from the supervising United States Probation Officer, the defendant shall not communicate with any staff at the University of New Mexico.

5. Stipulation: As a condition of Supervised Release the defendant shall not communicate with the victims referenced in Counts 13 through 17 of the

indictment—DC, LC, and their entire family—of whose identities the defendant is aware of from the discovery provided by the United States in this case.

6. Stipulation: As a condition of Supervised Release, the defendant shall close all social media accounts and shall not open new accounts or view, post, or in any way use social media without prior authorization of the United States Probation Officer.

7. Stipulation: The defendant shall not enter the properties and campuses of the University of New Mexico without prior approval of the supervising Probation Officer and the University of New Mexico Police Department.

8. Stipulation: The defendant shall participate in an outpatient mental health assessment and participate in outpatient mental health treatment as determined to be necessary by a medical or mental health professional and follow any treatment directions by the treatment provider. Further, the defendant must take medicine as prescribed by a medical professional providing mental health treatment, unless defendant objects, in which event defendant must immediately notify the probation officer. Defendant must contribute to the cost of treatment in an amount to be determined by the probation officer.

**Sentencing Factors:**

"The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [the seven factors below]." Title 18 U.S.C. § 3553(a).

**Title 18 U.S.C. § 3553(a) analysis:**

**1. Nature and Circumstances of the Offense and History and Characteristics of the Defendant**

    a. Nature and Circumstances of the Offense

The defendant engaged in threatening conduct toward the President and Vice President of the United States and others using social media accounts. The threats expressed an intent to kill the named victims. Secret Service Special Agents spoke with the

defendant, warning him of the gravity of his actions, to which he initially claimed First Amendment protections, and later indicated he did not know it was illegal, had no intent to carry out his threats, and would not do it again. Nonetheless, the defendant did make additional threats using a different social media account. The defendant's threats were graphic, unequivocal, and repetitive. The nature of the defendant's threats and circumstances under which they were made must be taken seriously. Further, as outlined in the Presentence Investigation Report (PSR), the defendant has been physically violent in the past. Therefore, the nature and circumstances of the defendant's crimes warrant a sentence that both punishes criminal behavior and addresses potential underlying causes of that behavior.

b. History and Characteristics of the Defendant

The PSR outlines the defendant's troubling history and characteristics. Although the defendant is well educated and appears to be an excellent student (graduated from the University of New Mexico Magna Cum Laude), he concurrently suffers from mental health issues. Potentially related to his mental health issues, the defendant also has substance abuse problems. The threatening conduct in the present case is verbal, not physical, but he has a history of physical violence that is concerning. It may well be that the only thing differentiating the defendant's prior physical acts of violence, and his current threats is the opportunity to carry them out. The stipulations in the Plea Agreement are intended to address the defendant's mental health and substance abuse issues, in addition to punishing his criminal behavior.

**2. The Need for Sentence Imposed to:**

A. Reflect Seriousness of the Offense

Threatening to brutally murder the President and Vice President of the United States are very serious crimes. Unfortunately, such crimes are not rare. A sentence that reflects the seriousness of these crimes will necessarily include incarceration as both a general and specific deterrence to such criminal acts. The time the defendant has and will spend

1  incarcerated for making threats should serve as a negative reminder to him of what happens
2  when he engages in such criminal acts. It should also serve as a warning to others who may
3  feel tempted to post criminally threatening comments online. Additionally, ongoing
4  supervision and treatment will monitor the defendant's transition back into society, serve
5  to continue to remind the defendant of the consequences for such acts, and provide the
6  defendant tools to avoid criminal acts in the future.

   B.  Afford Adequate Deterrence to Criminal Conduct

8      The PSR documents the defendant's embarrassment over his conduct. The
9  defendant has and continues to assert that he had no intent to carry out any of his threats.
10 If believed, in his current state of mind the defendant is already somewhat deterred. It may
11 be that treatment and counseling the defendant has taken advantage of while detained has
12 him thinking clearly. The sentence imposed must address the defendant's mental health
13 and substance abuse issues to continue any deterrent effect already achieved.

   C.  Protect the Public from Further Crimes of the Defendant

15     While incarceration practically limits the defendant's ability to engage in online
16 threating conduct, supervisory conditions prohibiting contact with victims, requiring
17 warranted treatment and medication, and monitoring through Supervised Release are part
18 of a long-term solution to the defendant's history of criminal activity. Therefore,
19 supervision with conditions that address the defendant's specific needs after incarceration
20 will best serve the public and the specific victims going forward.

   D.  Provide the Defendant with Needed –
       Educational or Vocational training

23     The defendant is well educated.  Further education in the usual sense may serve the
24 defendant, however any such requirement must be consistent with any treatment
25 determined to be necessary for the defendant 's success.

       Medical Care
27     The stipulated condition requiring a mental health assessment and compliance with

treatment recommended by a medical professional is designed to address the defendant's specific medical needs while the defendant is on Supervised Release.

### Other Correctional Treatment

The United States is not aware of other correctional treatment that will help the defendant successfully integrate back into the community.

### 3. Kinds of Sentence Available

A violation of Title 18, United States Code, Section 871(a), Threats Against the President and Successors to the Presidency, is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of five years, or both, and a term of supervised release of three years. A term of incarceration followed by Supervised Release will best serve the public and the defendant to address the conduct of conviction and prevent relapses in the future.

### 4. Kinds of Sentence and Sentencing Range

The stipulation of the parties limits any term of incarceration to no more than the low end of the United States Sentencing Guidelines (USSG) range. The Draft PSR calculates that range to be 33 to 41 months, making the effective incarceration cap 33 months. Taking the defendant's criminal history and mental health history, a term of incarceration that does not exceed 33 months is sufficient but not greater than necessary to address the defendant's criminal conduct.

### 5. Pertinent Policy Statements

The Draft PSR at paragraphs 95 and 96 indicates that U.S.S.G. Policy Statement § 5H1.3 (Mental and Emotional Conditions) and Policy Statement § 5K2.21 (Dismissed and Uncharged Conduct) "may be warranted" in this case. However, after the writing of the Draft PSR, effective November 1, 2025, amendment 836 to the U.S.S.G. deleted these potential departures.

### 6. Need to Avoid Sentencing Disparities

The defendant presents with unique mitigating mental health factors. These factors

1 warrant a different result than someone who does not have similar mitigating factors.

### 7. Need to Provide Restitution

The United States has not received requests for restitution from any of the victims of the counts in the indictment.

**Conclusion and Sentencing Recommendation:**

The United States concurs with the USSG offense level calculation. The PSR calculates the Total Offense Level to be 19 and Criminal History Category to be II. The resulting guideline range is 33 to 41 months. Stipulation 1 in the Plea Agreement caps the sentencing range at the low end of the guidelines, making the effective sentencing range 0 to 33 months. The United States recommends a sentence that does not exceed 33 months. The United States estimates that as of the currently scheduled sentencing date, the defendant will have served approximately 747 days, or 24- and one-half months, for which the defendant should receive credit towards the term of incarceration imposed.

As noted above, the Draft PSR dated October 4, 2024, considered departures that have since been deleted from the U.S.S.G. (§§ 5H1.3 and 5K2.21). § 5H1.3 presented a potential downward departure for Mental and Emotional Conditions. § 5K2.21 presented a potential upward departure for Dismissed and Uncharged Conduct. The Draft PSR ultimately did not recommend either departure, reasoning that the guideline calculation adequately accounted for all the factors in those U.S.S.G. departures, rendering the calculation an appropriate disposition in the case without them. Draft PSR p. 23. While the basis for those now-deleted sections could be considered for a variance, the government submits that the bases for each former departure offset each other and the calculation and range in the Draft PSR is, indeed, appropriate for the disposition in this case.

The United States further requests the court to follow the stipulations in the Plea Agreement and impose a three-year term of Supervised release, no contact provisions, not enter properties of the University of New Mexico, close and not use social media accounts,

and require participation in mental health assessment and treatment as recommended by a mental health professional.

A sentence of incarceration that does not exceed 33 months followed by three years of Supervised Release that includes the Standard Conditions and specifically the Special Conditions stipulated in the Plea Agreement is sufficient but not greater than necessary to comply with the purposes of sentencing in Title 18 United States Code, Section 3553(a).

Respectfully submitted this 26th day of January, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

 *s/ Glenn B. McCormick*
GLENN B. McCORMICK
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of January, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Debbie Jang
Counsel for Michael David Hanson

 *s/Glenn B. McCormick*
U.S. Attorney's Office