# EXHIBIT A

January 9, 2026

CHIEF JUDGE G. MURRAY SNOW
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 622
401 West Washington Street, SPC 80
Phoenix, AZ 85003-2161

## MITIGATION MEMORANDUM

### *United States v. Michael David Hanson, CR-24-00312-PHX-GMS*

---

Dear Honorable Judge Snow:

The following mitigation memorandum provides insight and context regarding Michael Hanson's mental health, circumstances surrounding the current offense, his response to treatment and the treatment plan that will continue to support his mental health. Michael stands before the Court charged with Threats Against the President and Successors to the Presidency, based on statements made via his social media platforms. Further explained in this letter, these statements occurred during a period of acute psychiatric decompensation and are not reflective of Michael's character or intent.

This mitigation memorandum is based on several meetings with Michael as well as interviews with his mother Hilda Hanson and his brother Jamie Hanson.

In addition, the following documents were thoroughly reviewed:

- University of New Mexico, Bachelor of Business Administration, Marketing Management diploma
- Valleywise Health records
- Core Civic medical records
- Superior Court of the State of Arizona, County of Maricopa Petition for Civil Commitment MH2023-012001
- University of New Mexico Psychiatric Center records
- Presentence Investigation Report

## BRIEF SOCIAL BACKGROUND

Michael Hanson was born in Hobbs, New Mexico on February 10, 1982, to his parents Eric and Hilda Hanson.  He was raised in Albuquerque alongside his older sister Michelle and younger brother Jamie in a supportive, stable environment.  As a student, Michael did well in school, eventually graduating with a degree in Business Administration from the University of New Mexico in May of 2004.  However, mental illness would soon contribute to a downfall that caused family relationships to erode, friendships to dissipate, and contact with the criminal justice system.

## MENTAL HEALTH

As of December 2023, following a petition for civil commitment and subsequent inpatient hospitalization at Valleywise Hospital in Phoenix, Michael has been clinically diagnosed with **Bipolar Disorder with Psychotic Features**, a serious and chronic mental illness that, when untreated, can significantly impair judgment, impulse control, and insight. Bipolar disorder is characterized by extreme shifts in mood, energy, activity level, and cognition. During manic episodes, individuals are at heightened risk for reckless behavior, grandiosity, pressured speech, rapid thoughts, and, in severe cases, psychosis involving delusions or hallucinations.

At the time of the offense, Mr. Hanson was:

- Experiencing homelessness
- Not engaged in mental health treatment
- Actively experiencing an untreated manic episode that escalated into psychosis

These factors collectively contributed to his impaired mental state and inability to regulate his behavior.  If not for the symptoms related to this mental illness, Michael would not be facing charges today. The following section will add context to Michael's symptoms, related behavior and subsequent diagnosis.

## MENTAL HEALTH, SUBTANCE ABUSE, AND CRIMINAL HISTORY

Although Micheal has had several incidents requiring contact with law enforcement, these contacts predate his official diagnosis of bipolar disorder.  His criminal history spans from the age of 25 through his current charges and consists primarily of misdemeanor offenses, with one felony for Grand Theft in 2013 and the pending conviction for which he is before the court today.  Several of the historical arrests or charges were later dismissed or not prosecuted, but each of them is directly related to undiagnosed and untreated mental illness.  It should be noted that Michael voluntarily received psychiatric treatment at the University of New Mexico Psychiatric Center in August of 2013, just months after the Grand Theft charges for what appeared to be manic symptoms that quickly escalated to psychosis.  However, at that time, Michael admitted to self-medicating with substances

that could have easily contributed to these symptoms, and therefore the diagnosis of possible bipolar affective disorder was suggested, but differential.

Young adults and even teenagers with undiagnosed bipolar disorder often self-medicate with substances because they experience intense changes in mood and emotions that feel confusing or overwhelming. Without understanding the source of these feelings, some turn to alcohol, cannabis, or stimulants as a way to cope. This pattern of self-medicating can result from several psychological factors related to bipolar disorder and its symptoms. It may provide a false sense of mood regulation, quick relief from emotional distress, and also limit awareness of the underlying bipolar disorder. These patterns can make it harder for both those around them to recognize bipolar disorder as the underlying issue.[1]

**How Self-Medication Masks Undiagnosed Bipolar:**

Self-medication can make it very hard to recognize bipolar disorder. Alcohol, cannabis, and stimulants can change mood and behavior in ways that look similar to bipolar symptoms. This overlap can cause confusion for both the person suffering and healthcare providers during evaluations. For example, alcohol use can lead to feelings of sadness, low energy, and trouble concentrating. These symptoms are also common in bipolar depression, so it can be difficult to tell if alcohol is causing the depression or if the depression is part of bipolar disorder. Stimulants and certain drugs, can cause bursts of energy, racing thoughts, talkativeness, and impulsive decisions. These symptoms can look like a manic episode, but they may be the direct result of the stimulant and not actually mania. For this reason, even for a person truly suffering from symptoms of a mental health disorder, it can take ten years from initial psychiatric symptoms to a final diagnosis of bipolar disorder.[2] Michael was officially diagnosed with bipolar disorder at the time of the civil commitment and subsequent SMI designation at Valleywise Hospital in January 2024.

## SOCIAL MEDIA &

## CIRCUMSTANCES SURROUNDING THE CURRENT OFFENSE

There is a clear and direct nexus between Michael's untreated mental illness and the behavior that led to the current charges. Research consistently demonstrates that individuals with bipolar disorder, particularly during manic or psychotic episodes, are at increased risk for impulsive and inappropriate online behavior. Social media platforms can further amplify manic symptoms by providing an immediate and public outlet for disorganized, grandiose, or delusional thinking.[3]

---

[1] Bipolar disorder Balwinder Singh, Holly A Swartz, Alfredo B Cuellar-Barboza, Ayal Schaffer, Tadafumi Kato, Annemieke Dols, Sarah H Sperry, Andrea B Vassilev, Katherine E Burdick, Mark A Frye, Lancet 2025; 406: 963-78.

[2] Ibid.

[3] Swann AC. Impulsivity in mania. Curr Psychiatry Rep. 2009 Dec;11(6):481-7. doi: 10.1007/s11920-009-0073-2. PMID: 19909671.

In Michael's case, excessive and threatening social media postings occurred while he was acutely manic and psychotic. This conduct is directly related to the symptoms of his untreated illness. His behavior during this episode resulted in severe legal consequences that he now understands and deeply regrets.

Due to the severity of his psychiatric condition, Michael was **petitioned for civil commitment by law enforcement** and placed under court-ordered evaluation. He was admitted to **Maryvale Hospital** and subsequently transferred to **Valleywise Health** for stabilization, a Serious Mental Illness (SMI) evaluation, and determination of appropriate ongoing treatment.

Once provided with appropriate psychiatric care and medication, Michael stabilized relatively quickly, demonstrating a strong and positive response to treatment. On or about January 5, 2024, he submitted to **court-ordered outpatient treatment** following his SMI designation, demonstrating both compliance and willingness to engage in continued treatment.

Michael is currently housed at **CoreCivic**, where he remains psychiatrically stable, cooperative, and compliant with treatment. He is prescribed:

- **Lithium** (mood stabilizer)
- **Risperidone** (antipsychotic)
- **Hydroxyzine** (anti-anxiety)

Providers have identified that Michael responds well to multiple psychotropic medications, allowing for treatment flexibility if side effects arise. Of most importance, Michael has gained meaningful insight into his illness and understands the necessity of lifelong treatment to prevent future decompensation. However, it is imperative that Michael receive individual counseling to compliment the medication. Combining therapy with medication for bipolar disorder is crucial for superior long-term outcomes, as it addresses both biological symptoms and psychological/behavioral factors. While medication stabilizes mood, therapy provides essential tools to recognize early warning signs, manage stress, improve medication adherence, and prevent relapse. Although pharmacotherapy is the mainstay of treatment for bipolar disorder, medication offers only partial relief for patients. Treatment with pharmacologic interventions alone is associated with disappointingly low rates of remission, high rates of recurrence, residual symptoms, and psychosocial impairment. Bipolar-specific therapy is increasingly recommended as an essential component of illness management.[4]

## SENTENCING CONSIDERATIONS

- Michael has expressed genuine remorse for his conduct and recognizes the seriousness of the charges, as well as the substantial resources expended to ensure public safety. He understands that his untreated mental illness precipitated the offense and accepts responsibility for

---

[4] Swartz HA, Swanson J. Psychotherapy for Bipolar Disorder in Adults: A Review of the Evidence. Focus (Am Psychiatr Publ). 2014 Summer;12(3):251-266. doi: 10.1176/appi.focus.12.3.251. PMID: 26279641; PMCID: PMC4536930.

remaining engaged in treatment moving forward. His compliance since hospitalization demonstrates accountability rather than resistance or minimization.

- Since receiving appropriate mental health treatment, Michael has remained stable. His offense conduct is best understood as the product of an acute psychiatric crisis rather than criminal intent. With continued medication compliance, outpatient supervision, and family support, the risk of similar conduct occurring in the future is significantly reduced.

- Michael's criminal history is limited and directly connected to periods of acute, untreated mental illness rather than a pattern of intentional or predatory criminal behavior.

- At the time of the offense, Michael was experiencing homelessness, was not engaged in mental health treatment, and was in the midst of a manic episode that escalated into psychosis. During this period, his judgment, impulse control, and insight were significantly impaired. These symptoms manifested in excessive and disorganized social media activity, including threatening statements that were inconsistent with his baseline behavior when stable.

- Michael responds well to treatment, including a multitude of mood stabilizers allowing for flexible treatment plans going forward. He has received an SMI designation which affords him immediate outpatient treatment upon his release.

- Bipolar disorder and its associated symptoms can contribute to family discord and strained relationships. Although Michael's family has experienced these challenges, they have sought to have a better understanding of the illness and have since expressed ongoing support.

It's important to consider that Michael would not be before the Court today but for a severe and untreated mental health episode that directly caused the behavior related to the charges. Since intervention, he has demonstrated stability, compliance, insight, and motivation for recovery. A sentence that recognizes the role of mental illness, prioritizes continued treatment, and accounts for his demonstrated rehabilitation would serve both justice and public safety.

The information contained in this letter is not intended to excuse Michael's involvement in the current offense; rather, it is offered to provide context regarding the circumstances that led to this point and to highlight the possibilities for his future success as a healthy, productive member of society.

Thank you for considering the information herein.

Respectfully submitted,


Sara Austin, M.Ed.
Mitigation Specialist
Federal Public Defender